# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1307

———————

United States of America,

      Appellee,

v.

Richard Lowell Rosenquist,

      Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: November 4, 2010
Filed: November 4, 2010

———————

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

A jury convicted Richard Rosenquist of tax evasion, failure to file a tax return, and filing false tax returns, and the district court[1] sentenced him to 51 months in prison and 3 years of supervised release. Rosenquist filed this appeal in which his counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel argues that the district court erred in imposing an enhancement for Rosenquist's role in managing and supervising a criminal activity. In a pro se supplemental brief, Rosenquist argues that his indictment was defective

———————

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Judge for the Southern District of Iowa.

because the government failed to present the grand jury with tax assessment records. We reject these arguments.

First, the district court did not err in imposing a role enhancement under U.S.S.G. § 3B1.1(c) for leading, organizing, managing, or supervising a criminal activity. See United States v. Zimmer, 299 F.3d 710, 724 (8th Cir. 2002) (standard of review). Rosenquist's son and daughter testified at trial that Rosenquist directed them to file fraudulent liens against his residence, which the Internal Revenue Service had received permission to auction to satisfy his tax liabilities. See United States v. Bewig, 354 F.3d 731, 738 (8th Cir. 2003) (to justify leadership enhancement, defendant need only have supervised one other participant in criminal activity); United States v. Garrison, 168 F.3d 1089, 1096 (8th Cir. 1999) (enhancement may apply even if management activity was limited to single transaction).

Second, we reject Rosenquist's pro se challenge to his indictment. See Costello v. United States, 350 U.S. 359, 363-64 (1956) (defendant may not challenge indictment on grounds that there was inadequate or incompetent evidence before grand jury); United States v. Wilkinson, 124 F.3d 971, 977 (8th Cir. 1997) (grand jury may indict on whatever evidence is laid before it); see also United States v. Sanders, 341 F.3d 809, 818-19 (8th Cir. 2003) (except in cases involving racial discrimination in composition of grand jury, guilty verdict by petit jury excuses errors at grand jury level that are connected with charging decision).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the district court's judgment.

_____